### TODD v. DAVENPORT.

An amount due by an administrator to the widow of his intestate was assigned by this widow to her infant son, of whose estate this administrator was also the guardian. *Held*, that the debt due by the administrator *as such* was paid and the amount became assets in his hands *as guardian*, for which he and the sureties on the guardianship bond were liable.

Before HUDSON, J., Laurens, September, 1883.

This was an action by Patrick H. Todd against Ludy P. Davenport, the former guardian of plaintiff, John Davenport, a surety on the guardianship bond, and the executors and devisees of Martin Shaw, the other surety. The action was instituted in May, 1882. The cause was referred to C. D. Barksdale, master for Laurens County, to take the testimony and to determine all the issues and report the same to the court. Several issues were passed upon by the master, but it is unnecessary to state any except that he found that the mother of plaintiff had assigned her interest in the estate of Dr. Todd, her deceased husband, to the plaintiff, then a boy of five years of age, about the time that L. P. Davenport was appointed guardian, the whole personal estate of Dr. Todd then consisting of a note due by said Davenport; that the defendant, John Davenport, was not released from his liability by reason of his discharge in bankruptcy, because there

was not such a breach of the guardianship bond prior to the adjudication of bankruptcy as would have created a liability provable against his estate ; and the master recommended judgment against all of the defendants for $3,922.82, with interest from August 30, 1883, the executors and devisees of Martin Shaw not to be chargeable beyond the value of assets received on property descended.

To this report the defendants filed several exceptions, the seventh being as follows : "In not finding that John Davenport was discharged as to this debt by his discharge in bankruptcy."

Judge Hudson filed the following decree :

"After hearing the report of the master in this case, and exceptions thereto filed on the part of the defendants, and after full argument of counsel, it is ordered and adjudged that all the exceptions to the report be overruled except the seventh exception, which is sustained under the authority of *Jones & Calhoun* v. *Knox*, 46 *Ala.*, 53, and which is not at variance with the principles laid down in the case of *Greenville and Columbia Railroad Company* v. *Maffett*, 8 *S. C.*, 307 ; and with this exception, it is ordered and adjudged that the report of the master be confirmed and made the judgment of this court, and that the plaintiff have his judgment against the defendant, Ludy P. Davenport, guardian, for the full amount reported by the master, and against the estate of Martin Shaw, the surety, for the amount of the penalty of the guardianship bond, to wit, the sum of thirty-six hundred dollars and four cents, and disbursements. It is ordered that the report of the master, in so far as it creates a liability against the surety, John Davenport, be overruled, with costs."

The defendants, other than John Davenport, appealed.

*Messrs. Ball & Watts*, for appellants.

*Messrs. B. D. Cuningham* and *Holmes & Simpson*, contra.

February 14, 1885.   The opinion of the court was delivered by

Mr. Justice McIver.   Some time in 1858 Dr. Patrick Todd died intestate, leaving as his heirs at law and distributees his

widow and his son, the plaintiff in this action. Ludy P. Davenport administered on his estate, and entered into bond with John Davenport and Martin Shaw as his sureties. On an accounting before the ordinary, on January 30, 1860, it was found that said administrator was indebted to the widow in the sum of $573.99 as her distributive share of her deceased husband's estate, and to the plaintiff, then an infant of tender years, in the sum of $1,147.99, as his distributive share of his father's estate. On April 5, 1861, John Wharton was appointed guardian of the plaintiff, who settled with Ludy P. Davenport, as administrator as aforesaid, for the distributive share of his ward, by taking the note of said Ludy P. Davenport for the amount due by him as administrator.

John Wharton, the first guardian, having died some time in 1863, the said Ludy P. Davenport became the guardian of the plaintiff, and entered into bond for the faithful discharge of his trust, with John Davenport and Martin Shaw as his sureties; and a few days thereafter had a settlement with the executor of the first guardian, in which the executor turned over to him his own note previously given by said Ludy P. Davenport to the first guardian, and paid the small balance due the ward in Confederate money, which balance was scaled on the accounting. About the time that Ludy P. Davenport was appointed guardian of the plaintiff, his mother, the widow of Dr. Patrick Todd, assigned all of her interest in her deceased husband's estate to her son, the plaintiff in this action.

All the other grounds of appeal having been abandoned at the hearing, the only question presented for our determination is whether the court below erred in charging the guardian with the amount found due by him as administrator to the widow, which had been assigned to the ward, less the amount admitted to have been paid to the widow by the administrator prior to such assignment. There can be no doubt that the administrator, as well as his sureties on his administration bond, were liable to the widow, and if so, to her assignee, for the amount thus found due to her; and that when, by such assignment, such liability was transferred to Ludy P. Davenport as guardian of the plaintiff, he united in himself the character of both debtor and creditor, and that by

operation of law the debt was paid, and the amount thereof cash in his hands as guardian. *Schnell* v. *Schroder, Bail. Eq.*, 334; *Enicks* v. *Powell*, 2 *Strob. Eq.*, 206; *Griffin* v. *Bonham*, 9 *Rich. Eq.*, 77; *Jacobs* v. *Woodside*, 6 *S. C.*, 490.

It is argued here, in behalf of appellants, that it would be a great hardship to allow the widow, by assigning her interest to her son, to recover a debt, which she could not recover from an insolvent administrator, by transferring the liability to his guardianship bond. But in the first place, there is no evidence before us that Ludy P. Davenport is insolvent even now, and certainly none that he was insolvent in the early part of 1864, when the assignment was made. So far as we can perceive there was nothing to prevent the widow in 1864 from recovering the amount found to be due her by the administrator by action on the administration bond; and even if it should be conceded that Ludy P. Davenport was all the while insolvent, when it is remembered that the same persons who were sureties on his administration bond are the sureties on his guardianship bond, we are unable to perceive any ground whatever for the imputation that this assignment was made with a view to secure a bad debt by transferring the liability for it from the administration bond to the guardianship bond, for in either case the same persons would be called upon to meet such liability. If the claim is good now against the sureties on the guardianship bond, there is certainly no reason to suspect that it would not have been equally good in 1864, when it was assigned, against these same persons as sureties on the administration bond.

Again, it is urged that the sureties on the guardianship bond only intended to assume liability for the amount received from the first guardian, and not for the additional amount transferred to the ward by his mother. It is a sufficient answer to this to say that such was not the condition of the bond. By it they become responsible for the faithful administration of the ward's *whole* estate, whether it comes to him before or after the execution of the bond. *McDowell* v. *Caldwell*, 2 *McC. Ch.*, 55; *Administrators of Johnson* v. *Executors of Johnson*, 2 *Hill Ch.*, 287; *Crenshaw* v. *Crenshaw*, 4 *Rich. Eq.*, 14. But, in addition to this, the facts do not seem to support the assumption of

appellants. The guardianship bond was for thirty-six hundred dollars, which is a little more than double the amount due the ward, including the amount assigned to him by his mother, and as it is usual to take a bond in double the value of the ward's estate, and as the assignment was made about the time Davenport was appointed guardian—according to the widow's testimony, the same day that he was appointed—the reasonable inference would be that the widow's interest was included in the estimate of the value of the ward's estate.

The judgment of this court is that the judgment of the Circuit Court be affirmed.